# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL C. RATLIFF,            )    3:07-CV-00219-BES (RAM)
                               )
         Plaintiff,            )
                               )    **REPORT AND RECOMMENDATION**
    vs.                        )    **OF U.S. MAGISTRATE JUDGE**
                               )
DIRECTOR SKOLNIK, et al.,      )
                               )
         Defendants.           )
_____)

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's Motion for Summary Judgment (Doc. #62). Defendants opposed the motion (Doc. #53) and Plaintiff replied (Doc. #44). Also before the court is Defendants' Motion for Summary Judgment (Doc. #54). Plaintiff opposed the motion (Doc. #66) and Defendants filed a Motion to Strike Plaintiff's opposition (Doc. #71), to which Plaintiff replied (Doc. #74). Also before the court is Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment or Stay It Until the Production of Documents is Complete [Motion to Stay] (Doc. #59) to which Defendants replied (Doc. #64).[1]

---

[1] Plaintiff requests the court deny or stay Defendants' motion for summary judgment so that he may attach documents he is awaiting from outstanding discovery requests (Doc. #59). Plaintiff then filed his opposition to Defendants' motion to dismiss on April 2, 2004 (Doc. #66); thus Plaintiff's motion to stay (Doc. #59) is **MOOT**.
  Defendants filed a motion to strike Plaintiff's opposition, arguing Plaintiff's motion to stay was a first opposition and this opposition is a second opposition (Doc. #71). The court did not treat Plaintiff's motion to stay as a first opposition and this Report and Recommendation considered Plaintiff's opposition; therefore, Defendants motion to strike (Doc. #71) is also **MOOT**.

## I. BACKGROUND

At the time of the facts giving rise to Plaintiff's Amended Complaint, Plaintiff was a prisoner at Lovelock Correctional Center (LCC) in Lovelock, Nevada in the custody of the Nevada Department of Corrections (NDOC) (Doc. #7).[2] Plaintiff brings his compliant pursuant to 42 U.S.C. § 1983, alleging prison officials violated his First Amendment rights by retaliating against him for filing grievances, violated his Fourteenth Amendment right to due process and violated his Eighth Amendment right against cruel and unusual punishment (*Id.*). Plaintiff names as defendants Director Skolnik, as Director of NDOC; Warden Palmer, as Warden of LCC; Associate Warden LeGrand, as Associate Warden of Operations at LCC; and CCSI Belanger, as Case Worker of Unit #5, Level IV and III at LCC (*Id.*).[3]

Plaintiff asserts the instant action is a suit against NDOC[4] and its level system alleging the level system is used as a "punishment orientation system." (*Id.* at 3). Specifically, Plaintiff alleges the level system is designed to cause "headtrips" for inmates and promote psychological and emotional damage (*Id.*). Plaintiff further alleges the level system promotes hate and violence between inmates and denies inmates a chance at rehabilitation (*Id.*). Plaintiff asserts inmates at LCC start out at Level IV even if they were on another level at a different institution and the orientation program is used to divide inmates and cause violence between them (*Id.*). Finally, Plaintiff asserts NDOC officials falsely advance inmates in the level system; in other words, NDOC officials claim inmates are on Level III or below while the inmate actually remains housed in Level IV housing (*Id.* at 4). For these reasons, Plaintiff contends the level system is an illegal system based on punitive behavior modification, which has forced Plaintiff to live in fear and suffer deep depression, anger and aggression (Doc. #7 at 4). Plaintiff alleges

---

[2] The record indicates Plaintiff has since been discharged from custody (*See* Doc. #82).

[3] Defendants Palmer, LeGrand and Belanger, sued in their official capacities, were dismissed from this suit on January 18, 2008 (Doc. #36).

[4] Although Plaintiff asserts this is a suit against NDOC, Plaintiff has failed to name NDOC as a defendant in this action.

he is hopelessly stuck in Level IV with no hope of advancement and is forced to violate the rules in order to survive, which leaves him completely demoralized with no control over any aspect of his life (*Id.*).

Plaintiff's First Amended Complaint asserts the following causes of action: (1) violation of Plaintiff's Fourteenth Amendment right to due process; (2) violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment; and (3) violation of Plaintiff's First Amendment right against retaliation[5] (*Id.* at 16-18). The District Court dismissed Plaintiff's Fourteenth Amendment due process claim (Count I) and Eighth Amendment cruel and unusual punishment claim (Count II) on January 18, 2008 (Doc. #36).

Plaintiff makes the following requests for relief: (1) abolishment of the level system of behavioral modification[6]; (2) five-hundred (500) dollars per day by each defendant for retaliation; and (3) permanent relief of all named defendants' duties at NDOC (*Id.* at 21).

## II. STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not

---

[5] Although Plaintiff states he is pleading a Fourteenth and an Eighth Amendment violation in Count III, Plaintiff is actually asserting a First Amendment violation against retaliation for filing grievances (Doc. #7 at 18).

[6] The District Court dismissed Plaintiff's request to abolish NDOC's level system on January 18, 2008 (Doc. #36).

3

appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Liberty Lobby*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id*.

///
///
///
///

4

## III. DISCUSSION

### 1. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff requests partial summary judgment on his First Amendment retaliation claim, his Fourteenth Amendment due process claim and his Eighth Amendment cruel and unusual punishment claim (Doc. #44).[7] Plaintiff asserts he is not seeking summary judgment on his claim concerning the constitutionality of the level system because there are factual disputes concerning this claim; however, the record indicates no such claim remains (Doc. #44 at 2).[8] Plaintiff further asserts the following undisputed facts show he is entitled to summary judgment on his claims: AR 516 is a mandatory regulation mandating Plaintiff be moved to the next level after the 30-day orientation period providing his transfer did not involve disciplinary actions or job terminations; Defendants failed to follow the procedures mandated by AR 516 and have shown no penological justification for said failure; Plaintiff was in Level III or IV for approximately six (6) months from January 12, 2007 to June 24, 2007; Defendants stated Plaintiff was not eligible for Level I until November 20, 2007, which was

---

[7] Plaintiff requests summary judgment on an Equal Protection claim; however, Plaintiff has failed to plead an Equal Protection claim in his Amended Complaint (Doc. #7). Plaintiff asserts he pled said claim in Count I, where he states "Rules of Protection", and in Count II, where he states his Fourteenth Amendment rights have been violated (Doc. ##62 at 4). As previously stated, Counts I and II have been dismissed; however, even construing Plaintiff's complaint very liberally, Plaintiff has not sufficiently pled an Equal Protection claim. In order to state a viable Equal Protection claim, Plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him *based upon his membership in a protected class.*" *Serrano v. Francis*, 345 F.3d 1971, 1982 (9th Cir. 2003) (citing *Barren v. Harrington*, 132 F.3d 1193, 1194 (9th Cir. 1998)) (emphasis added). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Id.* (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original). Plaintiff has not pled that he was a member of a protected class or that Defendants acted at least in part because of his protected status.

[8] On December 21, 2007, the Magistrate Judge entered a Report and Recommendation (Doc. #35), which was adopted and accepted by the District Court on January 18, 2008 (Doc. #36), which expressly found that "construing all Plaintiff's allegations as true, Plaintiff has failed to plead facts sufficient to show the level system is unconstitutional." (Doc. #35). Furthermore, the District Court denied Plaintiff's request for injunctive relief in the form of abolishing NDOC's level system (Doc. #36). Accordingly, the constitutionality of the level system is not part of Count III, Plaintiff's only remaining claim.

5

1  contrary to AR 516; and Plaintiff filed all grievances and Defendants responded with untrue
2  statements stating he was not eligible or had already moved (Doc. #44 at 2-4).[9]

3  Defendants respond that Plaintiff's alleged undisputed facts are, in fact, disputed (Doc.
4  #53 at 5). Defendants also respond that Plaintiff failed to demonstrate a violation of his First
5  and Eighth Amendment rights because AR 516 does not, by itself, create a liberty interest (*Id.*
6  at 7). Defendants further respond that Plaintiff's retaliation claim fails because legitimate
7  penological reasons existed for Plaintiff's movements between levels and Plaintiff failed to
8  demonstrate that the level system does not serve a legitimate penological interest (*Id.* at 8-9).

9  Plaintiff replies that none of the facts concerning retaliation were disputed until the
10  Defendants filed their opposition and Defendants' statement of pertinent facts are belied by
11  the Administrative Regulations and Defendants' own exhibits (Doc. #62 at 1-4). Plaintiff
12  further replies that he has shown Defendants' retaliatory actions did not advance legitimate
13  correctional goals of the institution and said actions had a chilling affect on his First
14  Amendment rights (*Id.* at 5). Finally, Plaintiff replies that Defendants' misuse of the level
15  system constitutes an unconstitutional act and he is entitled to judgment as a matter of law
16  (*Id.*).

17  **2.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

18  Defendants request summary judgment on each of Plaintiff's claims asserting he cannot
19  prevail on the allegations set forth in his Amended Complaint (Doc. #54). Specifically,
20  Defendants argue Plaintiff cannot show he has been subjected to retaliation because he failed
21  to prove Defendants took any action "because of" Plaintiff's own actions (*Id.* at 6).
22  Furthermore, Plaintiff failed to meet his burden of pleading and proving the absence of a
23  legitimate penological goal in Defendants' use of the level system (*Id.* at 6-9). Defendants also
24  argue Plaintiff did, in fact, receive due process pursuant to the Fourteenth Amendment;

---

[9] Plaintiff makes another request for relief in his motion for summary judgment (Doc. #44 at 4); however, this is not the proper avenue to make a new request for relief and Plaintiff already made his request for relief in his Amended Complaint (Doc. #7).

6

1 therefore, they are entitled to summary judgment on this claim (*Id.* at 10-12) and Plaintiff
2 failed to demonstrate any violation of his Eighth Amendment rights against cruel and unusual
3 punishment (*Id.* at 12-14).
4 Plaintiff responds that he has proven by way of exhibits, affidavits, declarations and
5 his opposition to Defendants' Motion to Dismiss that there is no disputing his claims (Doc.
6 #66 at 2).
7 As previously stated, the District Court dismissed Plaintiff's Fourteenth Amendment
8 due process claim (Count I) and Eighth Amendment cruel and unusual punishment claim
9 (Count II) on January 18, 2008 (Doc. #36); thus, the court need not address these arguments.
10 With respect to Plaintiff's retaliation claim (Count III), *Plaintiff's only remaining claim*, both
11 Plaintiff's and Defendants' motions for summary judgment make essentially the same
12 arguments in support of and opposition to said motions; thus, the following analysis applies
13 to both motions.

14 **3.  FIRST AMENDMENT RIGHT AGAINST RETALIATION (COUNT III)**

15 It is well established that when prison officials retaliate against inmates for exercise
16 of the inmate's First Amendment rights, such as filing a grievance against a prison guard, the
17 inmate has a claim cognizable under § 1983. *Barnett v. Centoni,* 31 F.3d 813, 815-16 (9th Cir.
18 1994), *see also Rhodes,* 408 F.3d 559, 567 (9th Cir. 2005)*(*accepting this proposition and
19 citing decisions of other circuits that accord).  In order to prove a claim of First Amendment
20 retaliation, an inmate plaintiff must (1) assert "that a state actor took some adverse action
21 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action
22 (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
23 reasonably advance a legitimate correctional goal." *Rhodes,* 408 F.3d at 567-68.   In pursuing
24 a claim of retaliation, "[t]he plaintiff bears the burden of pleading and proving the absence
25 of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland*, 65
26 F.3d 802, 806 (9th Cir. 1995)**.**

27
28
7

1    The record indicates there a genuine issues of material fact in dispute precluding summary judgment on Plaintiff's retaliation claim as set forth in detail below.

The crux of Plaintiff's claim is that Defendants did not advance him through the level system as mandated by AR 516 *because* he filed grievances pertaining to that failure to properly advance him through the level system. Viewing the evidence in the light most favorable to Defendants and affording Defendants the proper deference, the following facts are not in dispute: Plaintiff entered NDOC on December 10, 2006; Plaintiff was classified as a Level I inmate at NNCC, on or about December 26, 2006, prior to his transfer to LCC[10]; Plaintiff's transfer did not involve disciplinary actions or job terminations; Plaintiff was placed on Level III with a housing assignment in Unit 5 upon transfer to LCC, on January 23, 2007; Plaintiff was moved to Level II and remained in Unit 5 housing on March 20, 2007; Plaintiff was moved to Level I and transferred to Unit 3 housing on June 27, 2007 (Doc. #54 at 4). Defendants contend Plaintiff was moved through the level system ahead of the normal requirements under AR 516, which provides an inmate can remain on Level III for a period of six (6) months and can remain on Level II for a period of twelve (12) months (*Id.*). Defendants further contend that, although orientation may take up to thirty (30) days, an inmate may remain on Level III for up to six (6) months if there are no disciplinary problems or job terminations (Doc. #53 as 3).

Defendants' arguments are belied by the record. AR 516, attached to Defendants' motion for summary judgment and opposition to Plaintiff's motion, expressly provides that *"[i]nmates transferred between institutions not involving disciplinary actions or job terminations retain their level assignment upon transfer."* AR 516.01.1.3.3 (emphasis added).

---

[10] Defendants assert Plaintiff was transferred to LCC as a closed custody prisoner; however, it is unclear if Defendants are now disputing the fact that Plaintiff was on Level I prior to his transfer because he was a closed custody prisoner. In any event, the record shows Defendants did not dispute the fact that Plaintiff was a Level I inmate prior to his transfer to LCC in their motion to dismiss (Doc. #12). The record further indicates prison officials did not dispute the fact the Plaintiff was a Level I inmate at NNCC when he filed his Inmate Request Form on February 23, 2007 stating this fact. Prison officials mere responded by stating when he became eligible to move (Doc. #66-2 at 8). Thus, the court assumes this fact is not in dispute and, if it is in dispute, it is a genuine issue of material fact.

1   AR 516 further provides that "[i]nmates may be required to go through an initial orientation
2   period, *not to exceed thirty (30) days.*" *Id.* (emphasis added).  There is no dispute that
3   Plaintiff's transfer did not involve disciplinary actions or job terminations and, for purposes
4   of these motions, there is no dispute that Plaintiff was a Level I inmate upon transfer to LCC.
5   Thus, under these facts, as provided for in AR 516, Plaintiff was to remain a Level I inmate
6   upon transfer to LCC and could be required to go through an orientation period, *not to exceed*
7   *thirty (30) days*.  Plaintiff was transferred to LCC on January 23, 2007 and was not placed
8   on Level I until June 27, 2007, well over the 30-day period.  The six (6) month and twelve (12)
9   month time frames discussed in AR 516.03.1.1.1 and AR 516.03.1.2.1 apply to inmates who
10  are on or advanced to Level II and Level I from a higher level.  Plaintiff transferred to LCC
11  already on Level I.  Thus, under the mandatary language of AR 516.01.1.3.3., Plaintiff was to
12  remain on Level I after a maximum 30-day orientation period; he was not required to progress
13  through each level or there would be no need for AR 516 to include such mandatory language.
14  Accordingly, it appears Defendants clearly failed to abide by their own regulations.

15          Plaintiff alleges Defendants purposefully moved Plaintiff's name to the bottom of the
16  list to be moved on three (3) separate occasions and kept Plaintiff in Level III and/or "the
17  mysterious Level IV" in retaliation for filing grievances for the failure to move Plaintiff to the
18  proper level (Doc. #66 at 6).  Plaintiff also alleges he was not provided with Level II privileges
19  when he was supposedly on Level II and he lost out on job opportunities and merit credit
20  opportunities also in retaliation for filing grievances (*Id.* at 5-7). Defendants dispute Plaintiff's
21  allegations and argue they simply moved Plaintiff through the level system as provided for
22  in AR 516.  As previously stated, Defendants failed to abide by their own regulations and,
23  therefore, Plaintiff has sufficiently pled the absence of legitimate correctional goals for the
24  conduct of which he complains.  Furthermore, there are genuine issues of material fact in
25  dispute as to whether Defendants' failure to abide by AR 516 was in retaliation for Plaintiff
26  filing grievances. Accordingly, summary judgment on Plaintiff's First Amendment retaliation
27  claim (Count III) is inappropriate at this time and should be **DENIED**.
28

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for Summary Judgment (Doc. #44).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order **DENYING** Defendants' Motion for Summary Judgment (Doc. #54).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: July 2, 2008.

_____
UNITED STATES MAGISTRATE JUDGE